**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANTE ESGUERRA-DE VERA, | No. 09-70734 |
| Petitioner, | Agency No. A077-302-546 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before:      CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Dante Esguerra-De Vera, a native and citizen of the Philippines, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's findings of fact, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (per curiam), and review de novo due process claims, *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006). We deny the petition for review.

The evidence does not compel the conclusion that Esguerra-De Vera suffered past persecution or has a well founded fear of future persecution on account of his social group, political opinion, or any other protected ground. *See Elias-Zacarias*, 502 U.S. at 481-84, 481 n.1; *Molina-Morales v. INS*, 237 F.3d 1048, 1051-52 (9th Cir. 2001) (personal retribution is not persecution on account of a protected ground). Accordingly, Esguerra-De Vera's asylum claim fails.

Because Esguerra-De Vera failed to meet the lower burden of proof for asylum, his claim for withholding of removal necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Esguerra-De Vera fails to raise any substantive challenge to the denial of his CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not addressed in argument portion of brief are deemed waived).

Finally, Esguerra-De Vera's due process claim fails because he has not demonstrated that he suffered prejudice resulting from any transcription error. *See*

*Ibarra-Flores*, 439 F.3d at 620-21 (prejudice is required to prevail on due process claim).

**PETITION FOR REVIEW DENIED.**